IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kevin Michael Hoff, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| James Sayler - Warden, ) | |
| ) | Case No. 1:22-cv-151 |
| Defendant. ) | |

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action pro se in September 2022. (Doc. No. 1). On October 18, 2022, he filed a motion requesting the court to appoint counsel to represent him. (Doc. No. 5). On October 19, 2022, the court issued an order denying his motion without prejudice. (Doc. No. 6). On October 26, 2022, the court issued an order directing the Clerk's office to file Plaintiff's Complaint, dismissing Plaintiff's Complaint in part, and directing Defendant to file an Answer. (Doc. No. 7). Defendant has yet to enter an appearance and respond to Plaintiff's Complaint.

On October 28, 2022, Plaintiff filed a motion requesting the court to reconsider its October 19, 2022, and appoint counsel for him. (Doc. No. 10). Therein he asserted that he is unable to investigate his claims or obtain discovery from defendant given that he is in custody.

Having reviewed the record, the court is not inclined to reconsider its October 28, 2022, order. First, Plaintiff has demonstrated that he has a good grasp of the facts of his case. Second, as explained below Plaintiff's assertion regarding his inability to investigate or to obtain discovery is specious. Plaintiff's ability to investigate or otherwise engage in discovery do not appear to be limited at this point by his status as a pro se litigant or the fact that he is in custody.

With respect to discovery in cases such as this, the court employs the following protocol. Once Defendant has made an appearance and filed a responsive pleading, the court will direct the parties to submit proposed scheduling and discovery plans. Upon receipt and review of their proposed plan(s), the court will issue a scheduling and discovery order. See Fed. R. Civ. P. 16(b)(1). In the interim, discovery is not generally permitted. Cf. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Thus, regardless of whether Plaintiff is represented by counsel, the court has not authorized discovery and will not authorize discovery given the posture of this case.

Accordingly, for the reasons articulated above and in its October 18, 2022, order, the court **DENIES** defendant's motion for reconsideration (Doc. No. 10).

**IT IS SO ORDERED.**

Dated this 7th day of November, 2022.

>                             */s/ Clare R. Hochhalter*
>                             Clare R. Hochhalter, Magistrate Judge
>                             United States District Court