# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kevin Michael Hoff, | ) |
|       Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph Joyce, Warden, North Dakota State Penitentiary, | ) Case No. 1:22-cv-151 |
|       Defendant. | ) |

Plaintiff, a diabetic, is in State custody at the North Dakota State Penitentiary ("NDSP"). He is asserting claims regarding the dispensation of his insulin by NDSP staff, his disciplinary proceedings, and his legal mail.

The disclosure of Plaintiff's medical records is governed by N.D.C.C. § 12-47-36, which provides the following in relevant part:

> 2. The medical, psychological, and treatment records of the department of corrections and rehabilitation or its divisions or departments relating to persons in the custody or under the supervision and management of the division of adult services of the department of corrections and rehabilitation are confidential, and may not be disclosed directly or indirectly to any person, organization, or agency, except as otherwise provided in this section. A district court may order the inspection of medical, psychological, and treatment records, or parts of those records, upon application to the court and a showing that there is a proper and legitimate purpose for the inspection of the records, with service of the application on the department of corrections and rehabilitation and opportunity for the department of corrections and rehabilitation to submit a written response.
>
> 3. Notwithstanding any other provisions of law relating to privilege or confidentiality, except for the confidentiality requirements of federal drug and alcohol treatment and rehabilitation laws, the following persons, organizations, or agencies without prior application to the court may inspect case history, medical, psychological, or treatment records:
>
>           \* \* \*

j.  A state or federal court where a person who is or was in the custody or under the supervision and management of the adult services division of the department of corrections and rehabilitation has commenced litigation and, the parties, their counsel, and representatives of the parties in proceedings, if the records are relevant to the litigation and the subject of the records has signed an authorization.

N.D.C.C. § 12-47-36(2) and (3)(j).

On July 27, 2023, Defendant filed a motion seeking leave of court to file his motion for summary judgment, brief in support of his motion for summary judgment, and exhibits (the declaration of the Correctional Unit Manager, an incident report, a notice that Plaintiff had been charged with a Level III infraction, a report of the Disciplinary Action Committee's decision regarding the infraction, Plaintiff's appeal of the Disciplinary Action Committee's decision, the declaration and administrative notes of the physician treating Plaintiff at the NDSP, and Plaintiff's housing location history) under seal in order to comply with N.D.C.C. § 12-47-36(2) and shield Plaintiff's records outside the bounds of N.D.C.C. § 12-47-36(3). (Doc. No. 52). He notes that, while he has obtained a signed authorization from Plaintiff, N.D.C.C. § 12-47-36(3) does not allow for the inspection of medical records by the public.

It is well-established that the public has a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing was necessary and why less restrictive

alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The filing of certain highly confidential documents under seal, such as medical records is understandable. However, the court is not persuaded that the motion summary judgment, supporting

brief, and exhibits other than medical records must be sealed. When the court rules on Defendant's motion for summary judgment it has no intention of doing so under seal. In the court's experience, exhibits can be redacted.

The court appreciates Defendant's conscientiousness. However, Plaintiff filed this action and in so doing put his medical condition and Defendant's response to it at issue. Public access is the norm. If this case should proceed to trial, the trial would be conducted in a public courtroom. Under these circumstances, the court is not inclined permit Defendant to file his motion for summary judgment, supporting brief, or exhibits other than medical records under seal. Medical records aside, there does not appear to be any state statutory restrictions on the disclosure of documents relating to disciplinary proceedings, documents regarding housing assignments, or declarations made by a physician in the course of litigation about a litigant.

For the reasons set forth above, the motion for leave to file under seal (Doc. No. 52) is **GRANTED IN PART AND DENIED IN PART**. Defendant may file Plaintiff's medical records under seal. However, the court will not authorize Defendant to file his motion for summary judgment, supporting brief, or exhibits other than Plaintiff's medical records under seal.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2023.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court