IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kevin Michael Hoff, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR RECUSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Joyce, North Dakota State Penitentiary, | ) | Case No. 1:22-cv-151 |
| | ) | |
| | ) | |
| Defendants. | ) | |

On November 27, 2023, Defendant filed what the court construed as a motion for recusal. (Doc. No. 67). He asserts the court is biased as it has deprived him of legal resources by denying without prejudice his motions for the appointment of counsel and has ostensibly allowed his claims of abuse at the hands of Defendant to continue as it has not yet granted him the ultimate relief he seeks.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003); see also Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009). If this test is not satisfied, judges have a duty to decide the cases and controversies which come before them. See Perkins v. Spivey, 911 F.2d 22, 28 (8th Cir. 1990); see also Cheney v. U.S. Dist. Ct., 541 U.S. 913, 916 (2004) (Memo. of Scalia, J.).

1

The court finds no basis for recusal and reassignment of this matter.  Plaintiff's allegations regarding the court's alleged biases are conclusory and not supported by any facts.  Previous adverse rulings are not evidence of bias.  See <u>Dossett v. First State Bank</u>, 399 F.3d 940, 952–53 (8th Cir. 2005) (concluding that adverse rulings "almost never" constitute a valid basis for recusal).  Plaintiff's motion (Doc. No. 67) is therefore **DENIED**.

    **IT IS SO ORDERED.**

Dated this 22nd day of January, 2024.

<u>/s/ Clare R. Hochhalter</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court